# Exhibit "K"

## Mr. Shafie Affidavit

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
: 08 Civ. 10934 (KBF)
In re 650 Fifth Avenue and Related Properties  :
: ECF
:
------------------------------------------------------------X

### Affidavit of Mr. Manouchehr Shafie
In Support of Application of Islamic Education Center ("IEC")

DISTRICT OF COLUMBIA    )
                        )   SS.
COUNTY OF               )

**Manouchehr Shafie,** first being duly sworn according to law deposes and states as follows:

1. I am Manouchehr Shafie, presently reside at 5101 River Road, Apt #1010, Bethesda, Maryland 20816.

2. I am an immigrant from Iran, a U.S.A. citizen for over 28 years.

3. I was the first President of Mostazafan Foundation in New York and served in that position from 1979 through October of 1983.

4. After my resignation as President of Mostazafan Foundation in October of 1983, I continued my involvement as consultant to this and its successor, Alavi Foundation until 1997. During this period I lived in State of Connecticut.

5. As the President of Mostazafan Foundation in New York, I was personally involved in transferring the deed for the property located at 12010 Seven Locks Road, Rockville, MD 20854 (current address is 7917 Montrose Road Potomac, Maryland 20854) - hereafter referred as the "PROPERTY" - from the Islamic Education Center of Maryland (IEC) to Mostazafan Foundation in June/July of 1981.

6. In early part of 1980, I was invited by several members of the IEC community members including Mr. Bahram Abolfazl Nahidian to come to Washington DC metropolitan area. They explained that the meeting was about a property in Maryland that IEC community had purchased.

7. I came to Washington DC with another member of the Mostazafan Foundation, Mr. Mohsen Davachi.

8. We met several community members who included Mr. Bahram A Nahidian, Dr. Parviz Shah, Mr. Manouchehr Parvizian and Mr. Parviz Faris at Mr. Nahidian's house located at Kirby Road in McLean VA, 22101

9. At the meeting, the community members explained that they were purchasing a property in Maryland to build a center for Islamic education including a formal school. The community member then explained that the community had raised local funds but the majority of the purchase money will be coming from Iran. They further explained that a well-known community member, Mehdi Haeri-Yazdi, a son of Grand Ayatollah Haj Sheikh Abdolkarim Haeri-Yazdi, was given a valuable property/land in Tehran ("Haeri-Yazdi Property") and the proceeds from the sale of said property was going to be used for the purchase of Maryland PROPERTY.

10. We were told that Mr. Mehdi Haeri-Yazdi was a long time community member, religious scholar and was involved in teaching at Georgetown University. During our visit to McLean, Virginia, we were told that Mr. Haeri-Yazdi was in Iran attempting to sell the property ("Haeri-Yazdi Property").

11. The community members then told us they did not have the sufficient funds to purchase PROPERTY and had engaged straw man to purchase the bank-owned PROPERTY (Government Services Saving & Loan, Inc. was the owner of the PROPERTY at sheriff sale) until they receive the funds from the sale of Haeri-Yazdi's Property in Iran.

12. Then the community members asked Mostazafan Foundation to advance the funds so they can payoff of the loan.

13. After our return to New York, Mostazafan Foundation decided to work with the community, on July 22, 1981, Mostazafan paid $1,305,000 dollars to the Government Services Saving & Loan, Inc. that held the mortgage on the PROPERTY (please see attachment #1).

14. Since at the time Mostazafan Foundation had not obtained the funds from the sale of Haeri-Yazdi Property in Iran, a decision was made by the Mostazafan Foundation to label the transaction as buy-sell transaction for two reasons, First, the funds were not yet received from Iran and Second, Mostazafan Foundation as a charitable foundation could have held the PROPERTY in trust to the benefit of the community as endowment.

15. Shortly after Mostazafan Foundation paid off the mortgage for the PROPERTY and took the title, Haeri-Yazdi Property in Tehran was disposed and the proceeds in the amount of $2 million dollars were wired from Bank-e-Sepah in London to the Mostazafan Foundation account in New York. I believe the account was with Citi Bank.

16. After the Mostazafan Foundation received $2,000,000 from the sale of Haeri-Yazdi Property in Tehran, it did not inform the community about the receipt of this fund.

17. In fact, the community did not know about this $2 million dollar wire transfer from Bank-e-Sepah in London, England to Mostazafan Foundation in 1981 until I told several members of the community 4-5 weeks ago.

18. I attest that in 1981, the Mostazafan Foundation did in fact receive $2 million dollars from the sale of Haeri-Yazdi Property in Tehran which was for the purchase of the PROPERTY in Maryland and did not inform the community about the receipt of said funds.

19. Considering that the Mostazafan Foundation paid $1,305,000 to satisfy the outstanding mortgage on July 22, 1981 and paid additional about $250,000 to purchase the second property (1800 Jeb Stuart RD Potomac, MD 20854), there is still about a $400,000 balance on the funds that belongs to and should be made available to the IEC community.

FURTHER AFFIANT SAYETH NAUGHT

Manoucher Shafie                                    Nov. 3 2014   *MS.*
Printed Name         Signature                        Date


SUBSCRIBED AND SWORN TO BEFORE ME this __3__ day of November 2014.

Notarized by: _Virginia C. Graham_ State: _District of Columbia_ County: _____

My commission expires on: __11-30-2014__

Signature: _Virginia C. Graham_ Date: __11-3-2014__

[Notary seal: VIRGINIA C. GRAHAM, NOTARY PUBLIC, MY COMMISSION EXPIRES 11/30/2018, DISTRICT OF COLUMBIA]

Att # 1

## LOAN ASSUMPTION AGREEMENT

THIS AGREEMENT, made this ___22nd___ day of ___July___, 19_81_, by and between Government Services Savings & Loan, Inc. (A Stock Corporation), hereinafter called "Noteholder", _Islamic Educational Center, Inc._____, hereinafter called "Sellers", and _Mostazafan Foundation of New York_____ hereinafter called "Purchasers",

WITNESSETH:

WHEREAS, Noteholder is the holder of a note of _Islamic Educational Center, Inc._____ in the original principal sum of _ONE MILLION THREE HUNDRED FIVE THOUSAND AND 00/100 DOLLARS_ ($_1,305,000.00_) hereinafter called "Note", secured by a Deed of Trust dated the ___30th___ day of ___January___, 19_81_, and secured on a property described in said Deed of Trust duly recorded among the Land Records of _Montgomery_ County, _Maryland_ in Book __5659__ at Page __922__ hereinafter called "Deed of Trust", and

WHEREAS, Sellers desire to sell the property securing said indebtedness and Purchasers desire to purchase said property, and

WHEREAS, Noteholder consents to an assumption, by the Purchasers, of the Note and Deed of Trust, so as to facilitate Purchasers' purchase of said property, and

WHEREAS, it is understood and agreed between the Noteholder and Purchasers that the Note and Deed of Trust may not be assumed by a third party to whom Purchasers may later sell said Property, without the prior written permission of the Noteholder,

NOW THEREFORE, in consideration of the premises and in consideration of ONE DOLLAR ($1.00) lawful money of the United States of America, to each in hand paid, receipt of which, before the signing, sealing and delivery of these presents, is hereby acknowledged, the parties do mutually covenant and agree as follows:

1. The Purchasers do hereby covenant and agree with the Noteholder, its successors and assigns, to assume and pay the principal debt together with interest thereon, all as secured by the aforesaid Deed of Trust, in

accordance with the terms of the Note and Deed of Trust to the same extent as if said Purchasers had been the original Borrower thereunder, hereby ratifying and accepting all covenants and conditions therein contained.

2.  The Noteholder hereby certifies to the Purchasers that the principal balance of the Note is ONE MILLION THREE HUNDRED FIVE THOUSAND AND 00/100 DOLLARS ($1,305,000.00) as of July 22, 1981.

3.  The Noteholder and Purchasers hereby mutually covenant and agree that upon sale, by the Purchasers, of the property securing said Note and Deed of Trust to a third party prior to maturity of said Note and Deed of Trust, the entire balance of said Note will immediately become due and payable, it being specifically agreed that an assumption of said Note and Deed of Trust by a third party will not be permitted by the Noteholder, without the prior written consent of the Noteholder.

Except as hereinabove provided, all of the terms and conditions of the aforesaid Note and Deed of Trust shall remain as written. Whenever used herein, the singular number shall include the plural and the plural the singular, and use of any gender shall be applicable to all genders.

WITNESS the hands and seals of the parties hereto, this 22nd day of July, 1981.

ATTEST:                                                GOVERNMENT SERVICES SAVINGS & LOAN, INC.
                                                       (A Stock Corporation)

_[signature: Nora E. Gluth]_                           _[signature]_ (SEAL)
                                                       Glenwood G. Lowman, Jr.

                                                       _[signature]_ (SEAL)
                                                       Islamic Educational Center, Inc. (seller)

                                                       _[signature: Manoucher Shafa]_ (SEAL)
                                                       Mostazafan Foundation of New York (purchaser)

                                                       _____ (SEAL)

                                                       _____ (SEAL)

STATE OF Maryland :
COUNTY OF Montgomery :

On this 22 day of July , 19 81 , before me William BURGESS , the undersigned, personally appeared GLENWOOD G LOWRAY J of Government Services Savings & Loan, Inc. (A Stock Corporation), known to me to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same on behalf of the Corporation for the purpose therein contained.

In witness whereof I hereunto set my hand and official seal

William Burgess
Notary Public

My Commission expires: July 1 1982

STATE OF Maryland :
COUNTY OF Montgomery :

On this 22 day of July , 19 81 , before me William BURGESS , the undersigned, personally appeared MANOUCHER SHAFIE Purchaser M REZA MOIYFAR and SELLER known to me to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same for the purpose therein contained.

In witness whereof I hereunto set my hand and official seal

William Burgess
Notary Public

My Commission expires: July 1 1982